[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14567
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cv-80257-KLR


WILLIAM AMADOR,

Plaintiff - Appellant,

versus

TOWN OF PALM BEACH,
a municipality of the State of Florida,
PETER B. ELWELL,
as Town Manager and individually,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 23, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Former Fire Chief William Amador appeals the district court's grant of summary judgment in favor of the Town of Palm Beach (Town), Florida, in his suit for wrongful termination in violation of the Florida Firefighters' Bill of Rights (FBR), Fla. Stat. § 122.80 et. seq., and for the deprivation of property without due process.  The district court found that 1) neither the FBR nor the Town's ordinances required notice or a hearing before the Town Manager was permitted to fire Amador, and 2) as such, Amador was not deprived of a property right without due process.  Amador explains that his appeal asks whether the lower court's ruling "allowed the Town to terminate [Amador] without due process of law as required by the [FBR] statute" which "in turn deprived [Amador] of valued property rights."

## I.

The facts of this case are not in dispute.[1]  Amador served as the Fire Chief for the town of Palm Beach, Florida, from August of 2007, until his termination on January 26, 2011.  As Fire Chief, Amador was a part of the Town's management team involved in negotiations with the Firefighters' Union concerning the Town's pension plans.

---

[1] The trial court, in accordance with Local Rule 7.5, accepted as true the Town's statement of material facts submitted with its motion for summary judgment when the Amador failed to respond.  On appeal, Amador explains "[t]he trial court's recitation of facts is generally correct."

Evidence came to the attention of Town Manager Peter Elwell that Amador had been feeding confidential information to the Union and that he had participated in the creation and maintenance of a website, www.palmbeachpensions.com, supporting the Union's position.  Amador denied any wrongdoing.  Believing that Amador had deceived the town, Elwell decided to fire Amador and explained in a memorandum that Amador's release was due to his involvement with the website and his alleged sharing of confidential information.  The termination occurred without notice, a hearing, or an interrogation, and the firing was solely Elwell's decision.  The Town offered Amador a post-termination hearing to clear his name, but Amador refused.  Amador conceded that Elwell's proffered reasons for the termination were honest and non-pretextual.

Nothing in the Town's ordinances required a hearing before Amador's termination, and Amador admitted in a deposition that he understood himself to be an "at-will" employee.  Under the ordinances of the Town, the Fire Chief is an "appointive administrative and managerial official" who is exempt from the Town's Personnel Regulations and Policies and Fire Rescue Rules.  The Fire Chief serves at the pleasure of the Town Manager and may be removed for the "good of the town."

Amador's suit asserted that although nothing in the Town's ordinances created a right to employment, under the Firefighters' Bill of Rights, Fla. Stat. §

3

112.80 et seq, Amador could not be fired without notice and a hearing. Beyond that, he argued that the limitation on how Amador could be fired meant that Amador had a property right in his job that could not be deprived without due process. The district court disagreed and granted summary judgment in favor of the Town.

## II.

We review a district court's decision to grant summary judgment de novo, viewing all of the evidence and its reasonable inferences in the light most favorable to the nonmoving party. Waddell v. Hendry Cnty. Sheriff's Office, 329 F.3d 1300, 1304 (11th Cir. 2003). Summary judgment shall be granted if the pleadings and evidence show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We review de novo a district court's interpretation of a state statute. FTC v. Leshin, 618 F.3d 1221, 1231 (11th Cir. 2010). "As a general rule, statutory interpretation begins with the plain meaning of the statute." Fla. Birth-Related Neurological Injury Comp. Ass'n v. Dep't of Admin. Hearings, 29 So. 3d 992, 997 (Fla. 2010).

## III.

Amador argues that the FBR required notice before his termination because under the statute, after supervisory personnel have determined that they are going

4

to reprimand, suspend, or remove someone they are required to conduct a "formal investigation." Amador argues that under § 112.82 firefighters have a right to notice of that investigation, therefore the Town was required to give Amador notice before termination. Amador argues that to read the statute as not requiring notice "renders the law toothless, unworthy of the name 'bill of rights.'"

Having read the statute closely and considered Amador's briefs, we do not find his argument to be persuasive. The "Definitions" section of the FBR defines "Formal investigation" as "the process of investigation ordered by supervisory personnel, after the supervisory personnel have previously determined that the firefighter shall be reprimanded, suspended, or removed, during which the questioning of a firefighter is conducted . . . ." Fla. Stat. § 112.81(4). "'Interrogation' means the questioning of a firefighter by an employing agency in connection with a formal investigation . . . ." Id. § 112.81(6).

The "Rights of Firefighters" are delineated in § 112.82. The preamble to that section explains that "[w]henever a firefighter is subjected to an interrogation, such interrogation shall be conducted pursuant to the terms of this section." Id. § 112.82 (emphasis added). Under subsection 2, "[n]o firefighter shall be subjected to interrogation without first receiving written notice . . . ." Id. § 112.82(2).

5

Contrary to Amador's assertions, there is nothing in the statute that "requires" supervisors to conduct a formal investigation before termination. The district court was right when it explained that "[a] plain reading of the phrase 'whenever a firefighter is subjected to interrogation' strongly suggests that the legislature intended to provide firefighters with certain rights only if and when they are made the subject of an interrogation." Neither does any other provision of the statute require that firefighters receive pre-termination notice. Rather, the notice provisions can only be found in connection with interrogation. Courts "are not at liberty to add words . . . not placed there by the Legislature." Lawnwood Med. Ctr., Inc. v. Seeger, 990 So. 2d 503, 512 (Fla. 2008) (quotation marks omitted).

Also, as the Town and the district court have pointed out, this statutory structure is different from that of the "Policemen's Bill of Rights" (PBR), which is also found under chapter 112 of the Florida statutory code. Under the PBR, the "[r]ights of law enforcement officers . . . under investigation," Fla. Stat. § 112.532(1), are roughly analogous to the firefighter rights in § 112.82. But a separate section of the PBR specifically references "Notice of disciplinary action" and makes clear that no punitive action can be taken against a police officer without notice. See id. § 112.532(4)(a). The FBR does not contain a similar notice section.

6

Where the legislature has chosen to use a term in one section of a statute but omitted it in another, courts should not "imply [the term] where it has been excluded." Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So. 2d 911, 914 (Fla. 1995). We find that a plain reading of the statute and a comparison to similar statutory provisions reveal that the Firefighters' Bill of Rights does not create mandatory notice for terminated firefighters. Therefore Amador's termination did not violate the state statute.

IV.

Nor did the termination violate Amador's constitutional rights by depriving him of property without due process. In order to have a constitutionally protected property interest in one's public employment, the employee must have a legitimate and objective entitlement to continued employment based on ordinances, rules, regulations, or other mutual understandings promulgated by the government. See Sullivan v. Sch. Bd. of Pinellas Cnty., 773 F.2d 1183, 1185 (11th Cir. 1985); see also Ross v. Clayton Cnty., 173 F.3d 1305, 1307 (11th Cir. 1999) (explaining that a property interest may arise where state law limits the power of a local government or other public employer to terminate an employee).

A constitutionally protected property or liberty interest must be at stake in order for an employee to invoke procedural due process rights. See Sullivan, 773 F.2d at 1185. We have held that the employee does not have a constitutionally

7

protected property interest where the terms of employment give the public employer significant discretion to terminate an employee.  See <u>Warren v. Crawford</u>, 927 F.2d 559, 562–64 (11th Cir. 1991).

Amador has admitted that he was an "at will" employee under the Town rules and, as already explained, the Town was not limited in its power to terminate Amador by the state statute.  Therefore, Amador's termination without notice did not deprive him of a property interest without due process.

V.

Because the Town's actions did not violate Amador's statutory or constitutional rights, the judgment below is

**AFFIRMED**.